**LAWRENCE J. SEMENZA, ESQ.**
Nevada Bar # 789
LAWRENCE J. SEMENZA, LTD.
3025 East Post Road
Las Vegas, NV  89120
(702) 369-6999
Fax:  (702) 263-3539
E-mail: lsemenza@semenzalawfirm.com
Attorneys for Stephanie Hill

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| STEPHANIE HILL<br><br>    Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE COLLEGE OF SOUTHERN NEVADA,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

Plaintiff, STEPHANIE HILL, by and through her undersigned counsel, Lawrence J. Semenza, Esq. of the Law Firm of Lawrence J. Semenza, Ltd, hereby complains and alleges against Defendants as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Plaintiff Stephanie Hill is a citizen of the State of Nevada and resides in Clark

1

County, Nevada and is an African-American woman.

2. Plaintiff is informed, believes, and therefore alleges that Defendant THE STATE OF NEVADA ex. rel. BOARD OF REGENTS OF THE NEVADA SYSTEM OF HIGHER EDUCATION, on behalf of THE COLLEGE OF SOUTHERN NEVADA ("NSHE") is a State entity which operates the College of Southern Nevada ("CSN"), formerly the Community College of Southern Nevada ("CCSN").

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331 as the matter in controversy arises under the Constitution, laws, or treaties of the United States. In addition, pursuant to 28 U.S.C. §2201, this Court has jurisdiction to declare the rights and legal relations of the parties.

4. This Court has supplemental jurisdiction over Plaintiff's additional claims pursuant to 28 U.S.C. §1367(a) as these additional claims are so related to Plaintiff's Constitutional claims that they are part of the same case or controversy.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff was hired as a Recruitment Specialist by the Community College of Southern Nevada on June 1, 1999.

7. At the time of her hiring, Plaintiff was told that the sole determiner of her position title ("Recruitment Specialist" as opposed to "Recruiter") rested on her lack of a Bachelor's Degree.

8. The professional responsibilities required of a Recruiter are the dame duties that Plaintiff has performed.

9. On May 12, 2001, Plaintiff received her Bachelor's Degree from the University of Nevada at Las Vegas.

10. On October 30, 2001, Plaintiff requested—in writing—a reclassification of her position. The letter of request was addressed to Erika Dixon, Associate Director of Admissions and Records, with copies to Arlie Stops, Associate Vice President for Admissions and Records, and Tom Peacock, Associate Vice President Human Resources. This request was based on the attainment of her Bachelor's Degree, as well as the satisfactory performance of her duties (as evidenced by the receipt of a merit pay increase for the academic year 2001-2002). Plaintiff requested a re-classification from "Recruitment Specialist" to "Recruiter" and a salary adjustment which would cause her salary to be equal to that of her peers.

11. On November 6, 2001, Plaintiff met with Erika Dixon—off campus, at Ms. Dixon's request. Ms. Dixon wanted to talk only about being disappointed about Plaintiff sending the letter.

12. On November 14, 2001, Nora Fernandez, Arlie Stops' secretary, phoned Plaintiff to schedule a meeting at Arlie Stops' request regarding the letter dated October 30th. The meeting was set for November 16th at 12:00 noon.

13. On November 16, 2001, Plaintiff waited to meet with Arlie Stops, but Stops did not show up.

14. On November 27, 2001, Arlie Stops re-scheduled the meeting for November 21st at 12:00 noon, but made Plaintiff wait until 2:00 p.m. In that meeting, Mr. Stops stated to Plaintiff he would do what he could to correct the situation.

15. On February 20, 2002, Plaintiff received a copy of a memorandum that Mr. Stops sent to Patty Charlton, requesting a $2,000.00 base salary increase to be effective July 1, 2002, which would be separate from Plaintiff's Merit and COLA increases.

16. On August 8, 2003 Plaintiff received a memorandum from President Ron Remmington regarding a special salary adjustment that Plaintiff would be receiving, which would differ from Plaintiff's Merit. However, Plaintiff was continuing to be paid less than employees who were titled "Recruiter."

17. On June 21, 2006, Plaintiff applied for Recruitment Coordinator position.

18. On or about June 23, 2006, Plaintiff applied for the student recruitment coordination position.

19. On June 30, 2006, Plaintiff was present during a conversation Cip Chavez, Dean of Student Affairs, was having with Stephanie Kirby. During the conversation, Chavez twice referred to the position as Kirby's.

20. On July 3, 2006, Plaintiff informed Deborah Lopez, for Diversity Director, of the conversation between Dean Chavez and Stephanie Kirby.

21. On July 26, 2006, Plaintiff was informed she would be receiving an interview for the position by Diana Cox, Former Director for Professional Recruitment. Ms. Cox informed Plaintiff that if she made it to the final committee selection, Plaintiff would interview with Dean Chavez, Vice President Byrd and the Faculty Senate Chair who was also a Caucasian woman. Plaintiff informed Diana Cox of Plaintiff's concerns that the process may not be fair and impartial due to Dean Chavez's comments to Stephanie Kirby on June 30th and Plaintiff's experience with interviewing under Vice President Byrd previously, in addition to Plaintiff turning down Vice President Byrd's request to coordinate retention when Byrd was under tremendous pressure by the President of CSN, Richard Carpenter, to develop a program.

22. Plaintiff was interviewed for the position on August 11, 2006.

23. On August 18, 2006, Plaintiff received a letter from Human Resources indicating that the position was given to another candidate. Plaintiff was not given a reason why she was not selected for the job.

24. On August 21 and 22, 2006, Plaintiff was out on sick leave, experiencing severe chest pain, nausea and hives.

25. On August 28th, Plaintiff was treated by Dr. Taratuta for severe anxiety, panic attacks, depression and hives. She was placed on immediate medical leave. Her medical leave ("FMLA") was extended through March of 2007.

26. On October 16, 2006, Plaintiff filed with the U.S. Equal Employment Opportunity Commission a Charge of Discrimination against the Community College of Southern Nevada, alleging she had been harassed by her supervisor, denied promotion and was not paid the same

wages because of her race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended.

27. On January 31, 2007, Plaintiff sent an e-mail to Tina Petrie, Human Resources, requesting a meeting to discuss Plaintiff's employment option at CCSN prior to return from medical leave on March 5, 2007.

28. On February 6, 2007 Plaintiff sent an e-mail to Tina Petrie to confirm the meeting, scheduled for February 7th.

29. On February 7, 2007, Plaintiff received a telephone call from Tina Petrie, who stated she needed to reschedule the meeting due to "payroll crunch." Plaintiff also sent Petrie an e-mail asking her availability on February 12th or 13th.

30. On February 13, 2007, Plaintiff had not yet received a response from Tina Petrie; Plaintiff sent an e-mail to Jeff Foshee, Vice President of Administrative Operations, requesting a meeting to discuss with him Plaintiff's employment options at CCSN.

31. On February 20, 2007, Plaintiff sent a third e-mail to Vice President Foshee, who failed to respond to Plaintiff's previous two e-mails requesting a meeting to discuss employment options.

32. On February 20, 207, Plaintiff received a phone call at home and on her cellular phone from John Mueller, stating that Vice President Foshee would not be available to meet with Plaintiff, and that he (Mueller) had been directed to meet with Plaintiff in Foshee's place. A meeting was scheduled for February 23, 2007, between John Mueller, Tina Petrie and Plaintiff.

33. On February 21, 2007 Plaintiff, having given the scheduled meeting some thought, with concerns that required the decision-making authority of Vice President Foshee, decided to cancel the meeting set with Mueller and Petrie.

34. From February 22, 2007, to March 1, 2007, a series of e-mails were sent between Plaintiff and Vice President Foshee before he would schedule a meeting with Plaintiff to discuss Plaintiff's employment options prior to Plaintiff's return from medical leave.

35. On March 2, 2007, Plaintiff met with Vice President Foshee and Thomas Brown to discuss Plaintiff's request to be moved out of the Student Services/Affairs division and from under the direct supervision of Coordinator Stephanie Kirby, Dean Cip Chavez and Vice President Arthur Byrd.

36. On March 7, 2007, per Laura Weed's request, Plaintiff met with Laura Weed and Kimiko Walton to discuss Plaintiff's newly assigned recruitment activities.

37. On March 12, 2007, Plaintiff sent e-mails to Vice President Foshee, Thomas Brown, and Dr. Carpenter, requesting status of Plaintiff's request to be moved out of current division and from under the chain of command of Kirby, Chavez and Byrd.

38. On March 13, 2007 through April 25, 2007, Plaintiff received no response from the e-mails sent to Foshee, Brown or Carpenter.

39. On March 19, 2007, Dr. Byrd, Leticia Llamas and Plaintiff met in Dr. Byrd's office and Plaintiff explained to Dr. Byrd that the new recruitment activities that had been assigned to Plaintiff had the Plaintiff sitting at her desk doing absolutely nothing all day. Plaintiff was informed by Dr. Byrd that he felt that Plaintiff had much potential and that the "current situation" had not changed his opinion.

40. Plaintiff was assigned to man the Student Information Kiosk at Rancho High School on Tuesdays and Thursdays from 8 a.m. until 1 p.m.

41. Up until April 11, 2007, with the exception of manning the Kiosk at Rancho High School and once at Clark High School and assisting one student with her financial aid, Plaintiff would sit in her office with no assigned recruiting duties.

42. On or about May 14, 2007, Plaintiff filed an EEOC Complaint alleging that Plaintiff's job duties, responsibilities and activities were diminished upon Plaintiff's return from extended FMLA for filing Plaintiff's complaint with the EEOC.

43. On October 24, 2008, the U.S. Equal Employment Opportunity Commission sent a Dismissal and Notice of Rights to Plaintiff, who received the notice on October 27, 2008.

///

///

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Failure to Promote

44. Plaintiff realleges Paragraphs 1 - 43 and incorporates said paragraphs herein by reference.

45. Plaintiff, although qualified for the position of Recruitment Coordinator, Plaintiff was denied the promotion to Recruitment Coordinator based upon her race, African-American in violation of Title VII of the Civil Rights Act of 1964, as amended.

### SECOND CLAIM FOR RELIEF
### Denial of Equal Pay

46. Plaintiff realleges Paragraphs 1 - 45 and incorporates said paragraphs herein by reference.

47. Plaintiff, an African-American, was not paid the same wages for the same work performed by other employees because of her race all in violation of the Equal Pay Act.

### THIRD CLAIM FOR RELIEF
### Retaliation

48. Plaintiff realleges Paragraphs 1 - 47 and incorporates said paragraphs herein by reference.

49. Plaintiff, as a result of her Complaint filed with the EEOC alleging that CSN failed to promote her to the position of Recruitment Coordinator based of her race and that Plaintiff was denied equal pay, Plaintiff's job duties, and responsibilities and activities were diminished all in violation of Title VII of the Civil Rights Act of 1964, as amended.

### FOURTH CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

50. Plaintiff realleges Paragraphs 1 - 49 and incorporates said paragraphs herein by reference.

51. As a direct and proximate result of the conduct of the Agents and Employees of CSN described above, Plaintiff sustained severe emotional injuries.

WHEREFORE, Plaintiff for all of the reasons set forth above, Plaintiff, STEPHANIE HILL prays for judgment against the Nevada System of Higher Education on behalf of the College of Southern Nevada as follows:

1. For general damages in an amount to be proven at trial;

2. For costs of suit, including reasonable attorney's fees, costs, and interest; and

3. For such other relief as this Court deems just and proper.

Dated this 26th day of January 2009.

Lawrence J. Semenza, Ltd.

*/s/ Lawrence J. Semenza*
Lawrence J. Semenza, Esq.
3025 East Post Road
Las Vegas, Nevada 89120
Attorneys for Plaintiff
Stephanie Hill

Demand is hereby made for Trial by Jury of all issues.

Dated this 26th day of January 2009.

Lawrence J. Semenza, Ltd.

*/s/ Lawrence J. Semenza*
Lawrence J. Semenza, Esq.